**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| LILLIE WILLIAMS, individually and on behalf of herself and other similarly situated current and former employees, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:25-cv-02934-TLP-tmp |
| | ) | JURY DEMAND |
| NVK LEARNING LLC, et al., | ) ) | |
| Defendants. | ) | |

**ORDER GRANTING CERTAIN DEFENDANTS' MOTION TO DISMISS**

This is a multi-plaintiff action brought under the Fair Labor Standards Act ("FLSA").

Plaintiff Lillie Williams sues twenty-five businesses and three individuals on behalf of herself

and other current and former employees.  (ECF No. 1.)  Many Defendants now move to dismiss.

(ECF No. 18.)  Plaintiff responded (ECF No. 22), and Defendants replied (ECF No. 30).  The

Court **GRANTS** the Motion to Dismiss for the reasons below.

**BACKGROUND**

Plaintiff was a teacher, assistant teacher, and "floater" at Germantown Learning LLC

from November 2024 to August 2025.  (ECF No. 1 at PageID 3; ECF No. 1-1 at PageID 2.)  The

business entities she sues here, including Germantown Learning LLC, are daycare and preschool

centers that do business as "The Learning Experience."  (ECF No. 1 at PageID 10.)  Plaintiff

"believe[s]" that NVK Learning LLC is the "parent company of the other corporate defendants."

(*Id.* at PageID 3.)  The individual Defendants are NVK Learning LLC's managing members.

(*Id.*)

1

Plaintiff alleges that Defendants violated the FLSA by failing to pay her and other similarly situated employees for overtime hours and failing to provide bona fide meal breaks. (*See* ECF No. 1 at PageID 2–3.)  The other "potential plaintiffs" in this case are:

> All current and former hourly-paid teachers and similarly titled workers of Defendants who have performed work for Defendants at their children's daycare and preschool centers located in Tennessee, California and Massachusetts during the applicable limitation's period (*i.e.,* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b).

(*Id.* at PageID 14.)

As mentioned, Plaintiff sues twenty-eight Defendants.  (*See id.* at PageID 3–9.)  Six, including Plaintiff's former employer Germantown Learning, LLC, answered the Complaint.[1] (ECF Nos. 12–17.)  The rest move to dismiss.  (ECF No. 18.)

The moving Defendants place themselves into three distinct groups: (1) "California Corporate Defendants";[2] (2) "Massachusetts Corporate Defendants";[3] and (3) "Individual Defendants."[4]  (*See* ECF No. 18 at PageID 268.)  The California and Massachusetts Corporate Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  (*See id.* at PageID 267–68.)  Two of the Individual Defendants—Laddha and

---

[1] Those Defendants are Hendersonville Learning, LLC; Spring Hill Learning, LLC; South Franklin Learning, LLC; NVK Learning, LLC; Collierville Learning, LLC; and Germantown Learning, LLC.  (ECF Nos. 12–17.)

[2] The California Corporate Defendants include Bakersfield Learning, LLC; Clovis Learning, LLC; Elk Grove Learning, LLC; Fresno Learning, LLC; Newbury Park Learning, LLC; Huntington Beach Learning, LLC; Rohnert Park Learning, LLC; and Torrance CA Learning, LLC.  (ECF No. 18 at PageID 270.)

[3] The Massachusetts Corporate Defendants include Andover Learning, LLC; Billerica Learning, LLC; Dedham Learning, LLC; Foxboro Learning, LLC; Franklin Learning, LLC; Littleton Learning, LLC; Milford Learning, LLC; Natick Learning, LLC; North Andover Learning, LLC; Waltham Learning, LLC; and Worcester Learning, LLC.  (ECF No. 18 at PageID 270–71.)

[4] The Individual Defendants are Nidhi Gandhi, Parag Laddha, and Kundal Rao.  (ECF No. 18 at PageID 268.)

Gandhi—move to dismiss for the same reason. (*See id.* at PageID 269.) But they also assert—

along with Rao—that the Complaint fails to state a claim against them under Rule 12(b)(6). (*Id.*)

The Court next outlines the relevant legal standards before turning to the parties' arguments.

## LEGAL STANDARDS

The FLSA seeks to "protect all covered workers from substandard wages and oppressive

working hours." *Barrentine v. Ark-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). An

employee may sue her employer under the FLSA "in any Federal or State court of competent

jurisdiction" on behalf of herself "and other employees similarly situated." 29 U.S.C. § 216(b).

Defendants assert two familiar provisions Rule 12 by which to dismiss this FLSA

lawsuit—Rule 12(b)(2) and Rule 12(b)(6). Under Rule 12(b)(2) a party may move to dismiss a

complaint for lack of personal jurisdiction. And under Rule 12(b)(6), a defendant may move to

dismiss a complaint for failing to state a claim upon which relief can be granted.

## I.      Rule 12(b)(2)

Personal jurisdiction refers to a court's power to subject a party to its judicial process.

*See Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 438 (6th Cir. 2022) (citation

omitted). Courts recognize two types of personal jurisdiction: general or specific. *Id.* at 873

(citation omitted). General jurisdiction exists when a defendant's contacts with the forum state

are so "continuous and systematic" that the defendant is "essentially at home" in the state.

*Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020) (quoting *Goodyear*

*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2001)). And a court has specific

jurisdiction over a defendant when "the claims in the case arise from or are related to the

defendant's contacts with the forum state." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th

Cir. 2005) (citation omitted).

Courts employ a burden shifting framework when a defendant moves to dismiss under Rule 12(b)(2).  The plaintiff, typically through factual allegations in the complaint, first bears the burden of making a prima facie showing of personal jurisdiction for each defendant.  *Carbone v. Kaal*, 140 F.4th 805, 808 (6th Cir. 2025) (citing *Peters Broad. Eng'g, Inc.*, 40 F.4th at 437).  The burden then shifts to the defendant to "support its motion to dismiss with evidence showing that the district court lacks jurisdiction over it."  *Id.* at 809 (citation omitted).

If that evidence supports dismissal, the plaintiff "may no longer 'stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.'"  *See Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).  Courts view the pleadings and affidavits in favor of the nonmoving party and do not weigh the credibility of "controverting assertions of the party seeking dismissal."[5]  *Carbone*, 140 F.4th at 809 (citation omitted); *see also Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) ("Where, as here, the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal[.]'" (citations omitted)).

---

[5] A different standard applies if a court holds an evidentiary hearing or when a party seeks limited jurisdictional discovery.  *See, e.g.*, *Theunissen*, 935 F.2d at 1458.  But Plaintiff has not requested a hearing, nor has she sought limited discovery, so the Court rules here on the pleadings alone.

II.     **Rule 12(b)(6)**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient facts which "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* And in this posture, courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in [his] favor." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court need not accept a plaintiff's "legal conclusions or unwarranted factual inferences." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (quoting *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017)).  Indeed, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not enough to survive dismissal.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019) (quoting *Commercial Money Ctr. v. Ill. Union Ins.*, 508 F.3d 327, 336 (6th Cir. 2007)).

## ANALYSIS

"Most FLSA actions involve one defendant, allowing the plaintiff to use general personal jurisdiction to file a nationwide action in the State in which the company is incorporated or does most of its business." *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 403 (6th Cir. 2021). But Plaintiff sued not only her Tennessee-based employer here, she also included several out-of-state businesses in her Complaint—the California and Massachusetts Corporate Defendants (together, "Corporate Defendants")—as well as three Individual Defendants.  So, as explained below, Plaintiff faces an uphill battle from the start.  The Court first assesses whether it has

5

personal jurisdiction over the Corporate Defendants before turning to the Individual Defendants'
defenses.

## I.     Out-of-State Corporate Defendants

The bottom line is that the Court lacks personal jurisdiction over the Corporate
Defendants.

### A.     General Jurisdiction

According to the Complaint, the California Corporate Defendants are either California-
based limited liability companies ("LLC") or corporations with members, owners, or registered
agents in California.  (ECF No. 7 at PageID 6–8.)  And according to the Declarations attached to
the Motion to Dismiss, none of the California Corporate Defendants is registered to do business
in Tennessee.  (ECF Nos. 18-1 to 18-8.)  The same goes for the Massachusetts Corporate
Defendants—all are Massachusetts based LLCs with members, owners and registered agents in
Massachusetts with none registered to do business in Tennessee.  (ECF No. 7 at PageID 1 at
PageID 5–6; ECF Nos. 18-9 to 18-19.)

It takes little discussion to see why the Court cannot exercise general jurisdiction over the
out-of-state Corporate Defendants: none are "at home" in Tennessee.  *See Canaday*, 9 F.4th at
396 ("A court may assert 'general' or 'all-purpose' jurisdiction over a defendant in its home
State, where the defendant is incorporated or headquartered." (citation omitted)).  And in her
Response, Plaintiff does not dispute that the Court lacks general jurisdiction over these
Defendants.

### B.     Specific Jurisdiction

That leaves specific jurisdiction.  This is otherwise known as "case-based[] jurisdiction."
*Canaday*, 9 F.4th at 396 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)).  It requires

that Plaintiff's claims "arise out of or relate to" Defendants' Tennessee-based activities. *Id.*; *see*

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017) ("In other words,

there must be 'an affiliation between the forum and the underlying controversy, principally, [an]

activity or an occurrence that takes place in the forum State and is therefore subject to the State's

regulation.'") (quoting *Goodyear*, 564 U.S. at 919)).  And to satisfy due process, a court's

exercise of specific jurisdiction over an out-of-state defendant must "not offended 'traditional

notions of fair play and substantial justice.'" *Indah v. U.S. S.E.C.*, 661 F.3d 914, 920 (6th Cir.

2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The Sixth Circuit uses a three-part test to determine whether exercising personal

jurisdiction does in fact satisfy due process:[6]

> First, the defendant must purposefully avail himself of the privilege of acting in the
> forum state or causing a consequence in the forum state.  Second, the claims must
> arise out of or relate to the defendant's contacts with the forum.  Third, the acts of
> the defendant or consequences caused by the defendant must have a substantial
> enough connection with the forum state to make the exercise of jurisdiction over
> the defendant reasonable.

*Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023) (internal citations, emphasis, and

quotation marks omitted).  Failure to meet any one of these requirements "means that personal

jurisdiction may not be invoked." *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th

Cir. 1989); *see also See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 F. App'x 518, 523 (6th Cir. 2006)

---

[6] "Where a federal court's subject matter jurisdiction over a case stems from the existence of a
federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to
service of process under the [forum] state's long-arm statute and if the exercise of personal
jurisdiction would not deny the defendant[] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871
(6th Cir. 2002) (citation omitted).  Because Tennessee's long-arm statute extends as far as the
United States Constitution permits, *see* Tenn. Code Ann. § 20-12-214(a)(6), the only question
here is whether exercising personal jurisdiction "is consistent with federal due process
requirements." *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 477 (6th Cir.
2003).

("As we find that the first prong is not satisfied, analysis of the second and third prongs is unnecessary." (citing *LAK, Inc.*, 885 F.2d at 1303)).

The Corporate Defendants provide many reasons why the Court lacks specific jurisdiction over them.  In short, they allege first that Plaintiff cannot show that they purposefully availed themselves to Tennessee because they do not own property there, operate centers there, or have employees in Tennessee.  (ECF No. 18 at PageID 275–76.)  And second  that Plaintiff cannot show that her claims "arise out of" their contacts with Tennessee because these out-of-state Defendants did not employ Plaintiff and "did not employ individuals, teachers, or similarly situated workers in Tennessee."  (*Id.*)

Plaintiff did not directly respond to these arguments.  Rather, she contends that the "operational of practices of Individual Defendants" and NVK Learning, LLC—a non-moving party here—show that the Corporate Defendants "are mere alter egos of [a] de facto partnership and cannot operate independently."  (ECF No. 22 at PageID 373–75.)

The Corporate Defendants counter that Plaintiff has not pleaded enough facts to support an "alter-ego theory of personal jurisdiction."  (ECF No. 27 at PageID 451.)  Further, "[n]either the Complaint nor Plaintiff's Response identifies any activities of any specific [] Corporate Defendant allegedly occurring in Tennessee.  Plaintiff does not provide evidence of any activity by any [] Corporate Defendant in Tennessee that resulted in Plaintiff's claims of unpaid overtime and failure to provide bona fide meal breaks in Tennessee."  (ECF No. 27 at PageID 449.)

The Court agrees with the Corporate Defendants.  Plaintiff has not met her "relatively slight" burden to make out a prima facie case of specific jurisdiction.  *See Air Prods. & Controls, Inc.*, 503 F.3d at 549 (citation omitted).  The record here fails to show that the Corporate

8

Defendants have any connection to Tennessee or the claims at issue. *See Canaday*, 9 F.4th at 396 (citation omitted).

To be sure, Plaintiff is correct that the Sixth Circuit recognizes an "alter-ego theory of personal jurisdiction." *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 450–51 (6th Cir. 2012). This jurisdictional theory "provides that a non-resident parent corporation is amenable to suit in the forum state if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same *for purposes of jurisdiction*.'" *Id.* (emphasis added) (quoting *Est. of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008)).

Perhaps Plaintiff will show later that NVK Learning LLC is the Corporate Defendants' parent company. But Plaintiff, in effect, asks the Court to flip the alter-ego doctrine on its head by extending personal jurisdiction to a non-resident *subsidiary* for actions taken by their alleged *parent* corporation rather than holding "a non-resident *parent* corporation" liable for the acts of its *subsidiary*. *See Est. of Thomson*, 545 F.3d at 362. This the Court cannot do. *See Rafferty v. Denny's*, No. 18-2409, 2019 WL 2924998, at *7 (N.D. Ohio July 8, 2019)) ("The constitutional requirements of due process do[] not wax and wane when the complaint is individual or on behalf of a class [or collective]. Personal jurisdiction in class [and collective] actions must comport with due process just the same as any other case." (citation omitted)); *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998) ("Dean must provide sufficient evidence for us to conclude that Accor is being brought into court for something that it has done, not for something that Motel 6 Operating has done.").

Because the Court does not have personal jurisdiction over the California and Massachusetts Corporate Defendants, it **GRANTS** their Motion to Dismiss.

## II.    Individual Defendants

Gandhi and Laddha move under Rule 12(b)(2) to dismiss for lack of personal jurisdiction. (ECF No. 18 at PageID 268.)  They also move under Rule 12(b)(6), along with Rao, to dismiss for failure to state a claim.  (*Id.*)  For the reasons below, the Court **GRANTS** the Individual Defendants' Motion to Dismiss.

### A.    Gandhi and Laddha[7]

According to the Complaint, Gandhi lives in Ashburn, Virginia, and Laddha lives in Irvine, California.  (ECF No. 1 at PageID 8.)  Defendants' Declarations state that they have no ownership interest, oversight, or control over Germantown Learning, LLC; have never "transacted business in Tennessee"; do not own any bank accounts or property in Tennessee; and have no direct involvement "in the day-to-day" operations and supervision of the "corporate defendant[s'] hourly employees."  (ECF Nos. 18-21; 18-22.)  Because of this, Defendants assert that the Court cannot exercise personal jurisdiction over them for these Tennessee-based claims. (ECF No. 18 at PageID 280.)

Plaintiff disagrees.  She argues that the "individual corporate entities named in this lawsuit are mere alter egos of [a] de facto partnership" created by the Individual Defendants. (ECF No. 22 at PageID 373.)  Plaintiff further asserts that Defendants' business dealings have formed a general partnership.  (*Id.* at PageID 372.)  *See* Tenn. Code Ann. § 61-1-202(b) ("[T]he association of two (2) or more persons to carry on as co-owners of a business for profit forms a partnership, whether or not the persons intend to form a partnership.").

Defendants counter that even if the Court accepts this theory, "[l]iability and jurisdiction are independent."  (ECF No. 27 at PageID 448.)  And that Plaintiff still fails to put forth "any

---

[7] In this section alone, the Court refers to Gandhi and Laddha together as "Defendants."

10

factual allegations or other evidence of sufficient minimum contacts between Parag Laddha and

Tennessee or Nidhi Gandhi and Tennessee."[8]  (*Id.*)

Defendants raise a valid point.  Personal jurisdiction is claim and party specific.

*Canaday*, 9 F.4th at 396.  "In the context of FLSA collective actions, this means that a federal

court does not have jurisdiction over claims against a nonresident defendant where the claims

have no connection to the forum state."  *Hutt v. Greenix Pest Control, LLC*, No. 20-1108, 2020

WL 6892013, at *7 (S.D. Ohio Nov. 24, 2020) (citing *Maclin v. Reliable Reps. of Texas, Inc.*,

314 F. Supp. 3d 845, 849 (N.D. Ohio 2018).

But Plaintiff's argument here, as with the Corporate Defendants, asks the Court to

exercise personal jurisdiction over Gandhi and Laddha based on a purported general partnership

between them even though they lack personal contacts with Tennessee.  The United States

Supreme Court struck down a similar argument in *Rush v. Savchuk*, finding that when "the

defendant has *no* contacts with the forum [state], . . . the Due Process Clause 'does not

contemplate that a state may make binding judgment . . . against an individual or corporate

defendant with which the state has no contacts, ties, or relations."  444 U.S. 320, 332–33 (1980)

(quoting *International Shoe Co.*, 326 U.S. at 319).

Courts have since interpreted *Rush* to mean that "'liability and jurisdiction are

independent' such that even if all 'partners have potential liability' based on the acts of the

---

[8] Laddha's Declaration states that he has "high-level oversight responsibility over the operations of the corporate entities named in the Complaint.  (ECF No. 18-22 at PageID 352.)  But as explained below, "[w]hen a corporation and its officers are named separately as defendants in an action, 'jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation.'"  *Stirling v. Hunt*, No. 12-2737, 2013 WL 3328674, *9 (W.D. Tenn. July 1, 2013) (quoting *Nova Int'l Res., LLC v. Andec, Inc.*, 875 F.Supp. 2d 804, 808 (W.D. Tenn. 2012)).  So the Court must still determine whether it can exercise specific jurisdiction over that party.  *Id.*

partnership, 'they are independent for jurisdictional purposes.'" *Stirling v. Hunt*, No. 12-2737, 2013 WL 3328674, at *9 (W.D. Tenn. July 1, 2013) (quoting *Guy v. Layman*, 932 F. Supp. 180, 183 (E.D. Ky. 1996)); *Nova Int'l Res., LLC v. Andec, Inc.*, 875 F.Supp. 2d 804, 808 (W.D. Tenn. 2012) (explaining that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation" (quoting *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)).

Put simply, the Court does not have personal jurisdiction over Defendants just because Plaintiff has alleged they have an attenuated business connection to Tennessee. Plaintiff has not alleged that Defendants have any contact, purposeful or otherwise, with Tennessee. *Cf. Dean*, 134 F.3d at 1273–74 ("Although Accor does have a controlling interest in Motel 6 Operating, a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction." (citations omitted)).

It is especially telling that even when faced with the Rule 12(b)(2) Motion, Plaintiff never addresses the three specific-jurisdiction factors set forth by the Sixth Circuit. *See Sullivan*, 79 F.4th at 670. The Court therefore **GRANTS** Gandhi and Laddha's Motions to Dismiss for lack of personal jurisdiction.

### B.      Rao

Rao is a Tennessee resident. (ECF No. 1 at PageID 8.) And he moves to dismiss under Rule 12(b)(6), arguing that Plaintiff has failed to state a claim against him because he was not her employer as recognized by the FLSA. (ECF No. 18 at PageID 282.)

An "employer" under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Sixth Circuit has noted that this statutory definition is "generally unhelpful." *Solis v. Laurelbrook Sanitarium &*

12

*Sch., Inc.*, 642 F.3d 518, 522 (6th Cir. 2011) (citations omitted).  Even still, "[t]he remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications."  *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (citation omitted).  And several persons may be "simultaneous[ly]" sued as employers under the FLSA.[9]  *Id.* (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973)); *see id.* ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).

The Sixth Circuit looks to the "economic realities" when determining whether "party is an employer."  *Rhea v. W. Tennessee Violent Crime & Drug Task Force*, 825 F. App'x 272, 275–76 (6th Cir. 2020) (citing *Dole*, 942 F.2d at 965)).  This is a "case-by-case approach" in which courts consider several non-dispositive factors and the "circumstances of the whole business activity."  *Ellington v. City of E. Cleveland*, 689 F.3d 549, 555 (6th Cir. 2012) (citations omitted)).

Both parties here cite *U.S. Dep't of Labor v. Cole Enterprises, Inc.*, a case explaining that "a corporate officer who has operational control of the corporation's covered enterprise is an 'employer' under FLSA, along with the corporation itself."  62 F.3d 775, 778 (6th Cir. 1995). (*See* ECF No. 18 at PageID 282; ECF No. 22 at PageID 972.)  To assess the alleged employer's "operational control" in *Cole Enterprises, Inc.*, the Sixth Circuit considered whether the corporate officer (1) had a "significant ownership" in the business; (2) "control[led] significant

---

[9] A "person" can be "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."  29 U.S.C. § 203(a).

functions of the business"; and (3) "determine[d] salaries and ma[de] hiring decisions." *Cole Enters., Inc.*, 62 F.3d at 778 (citation omitted)).

Turning to the facts here, Rao has a 27.5% ownership interest in Germantown Learning, LLC. (ECF No. 18-20 at PageID 346.)  The Court finds that this is a "significant ownership" in the business.  *Compare Smith v. The Cheesecake Factory Restaurants, Inc.*, No. 3:06-0829, 2010 WL 441562, at *13 (M.D. Tenn. Feb. 4, 2010) (finding 4.8% ownership interest to be insignificant), *with Dole*, 942 F.2d at 778 (finding 50% ownership interest to be significant), *and Crowell v. M St. Ent., LLC*, 670 F. Supp. 3d 563, 578 (M.D. Tenn. 2023) (finding 37.5% ownership interest to be significant).

Yet Rao's Declaration states that he has no "oversight or control over the [LLC's] operations or management." (*Id.*)  And that he lacks any "involvement in any decisions regarding hiring, setting pay, scheduling hours, assigning work, supervising work, overseeing and managing time records, approving timesheets and payroll or handling payroll for hourly-paid teachers and similarly titled workers employed by any of the corporate defendants." (*Id.*)

Plaintiff does not even try to rebut Rao's position.  Rather, she asserts that NVK Learning, LLC—a now defunct entity—entered into a franchise agreement that included all named Defendants. (ECF No. 22 at PageID 374.)  But this allegation does not suggest that the "economic reality" is that Rao exerted any "operational control" over Germantown Learning, LLC.  Without an argument to the contrary, the Court strains to see how it can consider Rao to be Plaintiff's employer under the FLSA.  Indeed, "[m]erely having an ownership interest in an FLSA employer is not enough to create liability, yet that is all [Plaintiff] has alleged as to [Rao]. *Hutt*, 2020 WL 6892013, at *3.

14

Because Plaintiff has not plausibly alleged that Rao was her "employer" as recognized by the FLSA, the Court **GRANTS** Rao's Motion to Dismiss for failure to state a claim.

<u>**CONCLUSION**</u>

For the reasons above:

(1)     The Court lacks personal jurisdiction over Bakersfield Learning, LLC; Clovis Learning, LLC; Elk Grove Learning, LLC; Fresno Learning, LLC; Newbury Park Learning, LLC; Huntington Beach Learning, LLC; Rohnert Park Learning, LLC; Torrance CA Learning, LLC; Andover Learning, LLC; Billerica Learning, LLC; Dedham Learning, LLC; Foxboro Learning, LLC; Franklin Learning, LLC; Littleton Learning, LLC; Milford Learning, LLC; Natick Learning, LLC; North Andover Learning, LLC; Waltham Learning, LLC; and Worcester Learning, LLC.  And so it **GRANTS** their Motion to Dismiss.

(2)     The Court also lacks personal jurisdiction over Parag Laddha and Nindhi Gandhi. Accordingly, the Court **GRANTS** their Motion to Dismiss.

(3)     Plaintiff fails to state a claim against Kunal Rao because she has not plausibly alleged that he was her employer under the FLSA.  The Court therefore **GRANTS** his Motion to Dismiss.

(4)     Plaintiff's claims, of course, may proceed against the non-moving Defendants Hendersonville Learning, LLC; Spring Hill Learning, LLC; South Franklin Learning, LLC; NVK Learning, LLC; Collierville Learning, LLC; and Germantown Learning, LLC.

**SO ORDERED**, this 8th day of June, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

15